UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOMMY RIVET                                    CIVIL ACTION

VERSUS                                         22-2584

HUNTINGTON INGALLS                             SECTION: "J"(5)
INCORPORATED, ET AL.


**ORDER & REASONS**

Before the Court is a *Motion for Review of and Objections to Magistrate Judge's Order and Reasons on Plaintiffs' Motion for Leave of Court to File First Supplemental and Amending Complaint* **(Rec. Doc. 79)** filed by Plaintiffs, Janet M. Rivet and Kayla Rivet. Pennsylvania Insurance Company opposes this motion (Rec. Doc. 81), and Plaintiffs have filed a reply (Rec. Doc. 85). Also before the Court is a *Motion to Stay or, Alternatively, Sever and Stay Plaintiff's Claims Against It* **(Rec. Doc. 82)** filed by Defendant, Pennsylvania Insurance Company which Plaintiffs have opposed. (Rec. Doc. 90). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that both motions should be **GRANTED**.

**FACTS AND PROCEDURAL BACKGROUND**

Tommy Rivet was diagnosed with mesothelioma on May 19, 2022, and subsequently filed suit against numerous Defendants, including the Pennsylvania Insurance Company ("PIC"), alleging that he contracted mesothelioma caused by his exposure to asbestos from the clothes of his father and brother who worked at Avondale Shipyards ("Avondale"). Plaintiff seeks to recover from PIC for a policy

issued to Avondale's executive officers by American Employers Insurance Company ("AEIC"), now known as Sparta Insurance Company ("Sparta"). Plaintiff also seeks to recover from PIC for alleged liability arising out of policies issued by AEIC to Eagle, Inc. PIC and Sparta are involved in litigation in Massachusetts federal court to determine which company is responsible for the AEIC issued policies. On February 16, 2023, Plaintiffs requested leave to file a First Supplemental and Amending Complaint to add Sparta as a defendant as well as to assert additional claims against PIC and survival and wrongful death claims as to the surviving family members of Tommy Rivet. (Rec. Doc. 71). Chief Magistrate Judge North granted this motion in part as to the wrongful death and survival claims, and denied the motion as to Sparta and PIC, reasoning that allowing these claims to be pleaded would result in "undue delay owing to the necessity of litigating a collateral matter already pending in two other courts." (Rec. Doc. 78). Plaintiffs then filed the instant motion requesting this Court to review Chief Magistrate Judge North's order and to allow them to amend and supplement their complaint as requested. Defendant, PIC has also filed a motion to stay the claims against it pending the resolution of the Massachusetts litigation.

## LAW & ANALYSIS

This matter is before the Court because of an objection to a ruling of Chief Magistrate Judge North denying Plaintiffs leave to amend and supplement their complaint. When a party objects to a Magistrate Judge's order, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Rule 15(a)(2) of

the Federal Rules of Civil Procedure states that the Court should freely grant leave to amend a complaint when justice so requires. The language of this rule "evinces a bias in favor of granting leave to amend," and a court must possess a "substantial reason" to deny a request. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). The five relevant considerations for determining whether to grant leave to amend are (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Id.* at 595 (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

Plaintiffs argue that they should be allowed to amend and supplement their complaint for several reasons. First, Plaintiffs argue that their proposed amendment would not cause any delay or undue prejudice to any party. (Rec. Doc. 79, at 3). Plaintiffs point out that the trial date in this matter is December 4, 2023, and Plaintiffs' initial motion for leave to amend was filed prior to the Court's deadline to file amended pleadings which was February 17, 2023. *Id.* Additionally, Plaintiffs argue that they would be prejudiced if they were not allowed to add Sparta as a defendant in this action. (Rec. Doc. 79, at 5). Plaintiffs reason that

> If SPARTA is truly the only party that has liability, as PIC suggests, a litigation of the issue between SPARTA and PIC in Massachusetts would do nothing for Plaintiffs herein. If SPARTA is found to be solely responsible for the policies in the Massachusetts action and if this Court were to not allow Plaintiffs to add SPARTA, SPARTA could refuse to respond based upon an argument that Plaintiffs never asserted their claims against SPARTA under the Louisiana Direct Action Statute.

*Id.* Therefore, Plaintiffs argue that they should be permitted to amend their complaint in order to pursue Sparta as an alleged successor to AEIC.

In opposition, PIC argues that Plaintiffs should not be allowed to amend their complaint on the grounds that to do so would be "wasteful, futile, and prejudicial." (Rec. Doc. 81, at 3). As to waste, PIC argues that allowing Plaintiffs to add Sparta to this action would be inefficient and force this Court to address collateral issues not relevant to Plaintiffs' case. Additionally, PIC claims that the addition of Sparta and the additional allegations against PIC would require the parties to incur unnecessary expense to litigate the same issues in multiple cases in multiple states. *Id.* As to futility, PIC argues that the additional claims Plaintiffs wish to bring against PIC and against Sparta are not supported by law, as their only claims against an insurer are under Louisiana's Direct Action Statute and therefore are proper as to AEIC only. *Id.* at 9. As to prejudice, PIC argues that allowing Plaintiffs to amend their complaint as requested would "[force] PIC and Sparta to relitigate issues, not applicable to Louisiana law, that are already properly before a Massachusetts court, thereby prejudicing both PIC and Sparta." *Id.* PIC also points out that the Massachusetts action between PIC and Sparta has been pending for more than 19 months and has undergone multiple rounds of briefing and motions practice. *Id.* at 4. Therefore, PIC argues, for the Court to add Sparta as a party now would create a risk of inconsistent rulings.

The Fifth Circuit has consistently applied Rule 15(a) liberally, stating that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Therefore, the Court will now consider the relevant factors that might constitute a substantial reason to deny amendment. First, as to undue delay, Judge North found that allowing Plaintiffs' proposed amendments "would result in undue delay owing to the necessity of litigating a collateral matter already pending in two other courts." (Rec. Doc. 78, at 1). However, any undue delay, wastefulness, or inefficiency which might occur by allowing Plaintiffs to amend their complaint to include claims against Sparta and additional claims against PIC can be cured simply by staying these claims pending the outcome of the Massachusetts litigation. In fact, PIC has already moved to stay Plaintiffs claims against it, arguing that the first-to-file rule dictates that the older Massachusetts case should be resolved first in order to avoid the risk of incompatible judgments and inconsistent results. (Rec. Doc. 82, at 5-9). Furthermore, in *Giarratano v. Huntington Ingalls Incorporated*, Judge Vitter already granted PIC's motion to stay the claims against it in a very similar case pending the outcome of the Massachusetts action. No. 22-88, 2023 WL 2809967 (E.D. La. April 6, 2023).  In *Giarratano*, just as in this case, the plaintiff must prove which insurer is responsible for paying claims on policies issued by AEIC in order to recover. *Id.* at *3. This very issue is before the Massachusetts court. Judge Vitter reasoned that "to recover against PIC, Giarratano will have to make the exact same arguments about the effect of the 2007 stock purchase agreement between Sparta

and PIC that is at the center of the dispute in the Massachusetts action." *Id.* at *4. The same exact substantial overlap exists in this case. Therefore, the Court finds that any potential issues of undue delay or burden created by Plaintiffs' Amended and Supplemental Complaint can be cured by staying the claims against PIC and Sparta.

As to the other factors not addressed in Judge North's order, the Court can find no evidence of a bad faith motive in requesting this amendment on the Plaintiffs part, nor have there been repeated failures by the Plaintiffs to cure deficiencies in their complaint in previous amendments. Any undue prejudice to PIC by allowing this amendment can also be cured by staying these claims once they are added. Finally, as to futility, this Court finds that the added claims against PIC and Sparta are plausible, and in fact, claims related to the stock-purchase agreement at the heart of this dispute have already survived a Motion to Dismiss in the Massachusetts case. *See Sparta Insurance Company v. Pennsylvania General Insurance Company*, 2022 WL 3214947 (D. Mass. Aug. 9, 2022). Therefore, the Court finds that there is no substantial reason to deny Plaintiffs leave to amend and supplement their complaint. Judge North's order was clearly erroneous.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Review of and Objections to Magistrate Judge's Order and Reasons on Plaintiffs' Motion for Leave of Court to File First Supplemental and Amending Complaint* **(Rec. Doc. 79)** is

**GRANTED**, and Plaintiffs are granted leave to file their First Supplemental and Amending Complaint.

**IT IS FURTHER ORDERED** that Defendant, Pennsylvania Insurance Company's *Motion to Stay or, Alternatively, Sever and Stay Plaintiff's Claims Against It* **(Rec. Doc. 82)** is **GRANTED in part** as to the request to stay the claims.

New Orleans, Louisiana, this 12th day of May, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE